UNITED STATES of America,
Plaintiff-Appellant,

v.

Carl R. CARTER et al., Defendants-
Appellees.

No. 74–1150.

United States Court of Appeals,
Sixth Circuit.

Nov. 21, 1974.

Thomas F. Turley, Jr., U. S. Atty., Larry E. Parrish, Memphis, Tenn., for plaintiff-appellant.

Edward G. Grogan, Frierson Graves, Jr., Michael F. Pleasants, John M. Heiskell, Wm. D. Evans, Jr., Memphis, Tenn., Lester Slott, Chicago, Ill., for defendants-appellees.

Before PECK and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The government perfected this appeal from an order entered by the district court dismissing an indictment. Defendants-appellees were charged, on November 16, 1972, with the transportation of obscene movies in interstate commerce by means of a common carrier in violation of 18 U.S.C. § 1462 and with transportation of obscene movies in interstate commerce for the purpose of distribution in violation of 18 U.S.C. § 1465 and with conspiracy to violate the aforesaid statutes in violation of 18 U. S.C. § 371. The indictment contained eighty-seven substantive counts and one conspiracy count.

The district court dismissed the indictment on the motion of defendants-appellees on the grounds that "the decisions of the Supreme Court of June, 1973,[1] may not be 'applied retroactively' to . . . conduct which . . . occurred prior to those decisions," and

1. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) ; Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973) ; Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973) ; Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973).

because the statutes under which the indictment was drawn required the application of the rejected "national standard" to the obscenity question.

The Supreme Court dismissed similar arguments in Hamling v. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), and this Court finds the positions advocated by defendants-appellees meritless. See Smith v. United States, 505 F.2d 824 (6th Cir., 1974).

The judgment of the district court is reversed and the cause is remanded for further proceedings consistent herewith.