No. 74–1063. Carter et al. v. United States. C. A. 6th Cir. Certiorari denied. Mr. Justice Douglas, being of the view that any state or federal ban on, or regulation of, obscenity is prohibited by the Constitution, *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957) (Douglas, J., dissenting); *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (Douglas, J., dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (Douglas, J., dissenting), would grant certiorari and summarily reverse the judgment. Reported below: 506 F. 2d 1251.

Mr. Justice Brennan, with whom Mr. Justice Stewart and Mr. Justice Marshall join, dissenting.

Petitioners were charged in the United States District Court for the Western District of Tennessee with the transportation of obscene movies in interstate commerce by means of a common carrier in violation of 18 U. S. C. § 1462, transportation of obscene movies in interstate commerce for the purpose of distribution in violation of 18 U. S. C. § 1465, and with conspiracy to violate the aforesaid statutes in violation of 18 U. S. C. § 371. Title 18 U. S. C. § 1462 provides in pertinent part:

"Whoever brings into the United States, or any place subject to the jurisdiction thereof, or knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—

"(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character;

.        .        .        .        .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both, for the first such offense and shall be fined not more than $10,000 or imprisoned not more than ten years, or both, for each such offense thereafter."

Title 18 U. S. C. § 1465 provides in pertinent part:

"Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, photograph recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Petitioners moved to dismiss the indictment on two grounds. First, they argued that the obscenity decisions announced by this Court in June 1973, including *Miller* v. *California,* 413 U. S. 15, could not be applied retroactively to conduct which occurred prior to those decisions. Second, they contended that *Miller* and its related decisions rejected application of a national standard to the question of obscenity and that the statutes under which they were indicted contain that national standard. The District Court granted petitioners' motion to dismiss the indictment. The Court of Appeals for the Sixth Circuit reversed and remanded for a trial on the merits. 506 F. 2d 1251.

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California, supra,* at 47, I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Sixth Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.